**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

FELIX LUNA-HERNANDEZ,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 08-4017-MWB
(No. CR 05-4084-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

———————————————

**TABLE OF CONTENTS**

I. *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges, Plea, Sentence, and Appeal* . . . . . . . . . . . . . . . 2
   *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . 6
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . 8
      *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . 8
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . 9
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . 10
      *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . 10
      *2. Failure to challenge inaccuracies in the PSIR* . . . . . . . . 12
         *a. Arguments of the parties* . . . . . . . . . . . . . . . . 13
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . 14
      *3. Improper advice concerning maximum sentence* . . . . . . . 16
         *a. Arguments of the parties* . . . . . . . . . . . . . . . . 16
         *b. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . 17
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . 19

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

This matter comes before the court pursuant to petitioner Felix Luna-Hernandez's February 26, 2008, Motion [To] Vacate, Set Aside, [Or] Correct Sentence (docket no. 2), pursuant to 28 U.S.C. § 2255, as amended on June 2, 2008, by his Amended Motion To Vacate, Set Aside, Correct Sentence and Consolidate Issues/Brief in Support: 28 U.S.C. § 2255 (Amended § 2255 Motion) (docket no. 13). Luna-Hernandez, who has been represented by counsel at all times in these proceedings, originally asserted numerous claims for § 2255 relief, but he asserts only two claims of ineffective assistance of counsel in his Amended § 2255 Motion.[1] The respondent contends that Luna-Hernandez is not entitled to relief on either of the grounds that he raises.

## I.  INTRODUCTION

### A.  Charges, Plea, Sentence, and Appeal

Petitioner Felix Luna-Hernandez and two other co-defendants were charged with various drug-trafficking offenses in a Superseding Indictment (CR 05-4084, docket no. 20) handed down on August 23, 2005. The charges against Luna-Hernandez were found in Counts 1 and 4. Count 1 charged Luna-Hernandez and both co-defendants with conspiring to distribute and to possess with intent to distribute 50 grams or more of actual (pure) methamphetamine and to distribute and to possess with intent to distribute 50 grams or more of actual (pure) methamphetamine within 1,000 feet of a playground in violation of 21 U.S.C. §§ 846 and 860(a). Count 4 charged Luna-Hernandez and both co-defendants

---

[1]The court finds that claims not reasserted in Luna-Hernandez's Amended § 2255 Motion are waived.

with distributing and aiding and abetting the distribution, on or about June 8, 2005, of approximately 192.37 grams of a mixture or substance containing a detectable amount of methamphetamine, which contained approximately 125.831 grams of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

At a hearing on November 28, 2005, before a magistrate judge of this court, Luna-Hernandez pleaded guilty, pursuant to a plea agreement, to Count 4 of the Superseding Indictment, with Count 1 to be dismissed at the time of sentencing. *See* CR 05-4084, docket no. 58. On December 14, 2005, the undersigned accepted the magistrate judge's Report and Recommendation (CR 05-4084, docket no. 61), thereby accepting Luna-Hernandez's guilty plea. *See* CR05-4084, docket no. 67.

In a March 26, 2006, Sentencing Memorandum (CR 05-4084, docket no. 88), Luna-Hernandez's counsel, now deceased, objected to the scoring in the Pre-Sentence Investigation Report (PSIR) of two criminal history points pursuant to U.S.S.G. § 4A1.1(d) for committing the charged offense while the defendant was on probation, arguing that he was not subject to probation in the ordinary sense, did not know he was on probation, and completed the purpose of his probation—completion of community service—so that he should have been released from probation. Counsel also noted that assessment of these two criminal history points was "critical," because it rendered Luna-Hernandez ineligible for "safety valve" consideration, pursuant to 18 U.S.C. § 3553(f), for a sentence below his 10-year statutory mandatory minimum sentence. Counsel also requested a variance to what the court would find was an appropriate sentence but for the mandatory minimum sentence and the unavailability of "safety valve" consideration. However, at Luna-Hernandez's Sentencing Hearing on April 4, 2006, counsel explained that he was only asserting the objection to the criminal history calculation "for a matter of

record," because, since filing his Sentencing Memorandum, the prosecution had provided him with a certified copy of a two-page journal entry for the Buena Vista County Clerk's Office for Luna-Hernandez's conviction of operating while intoxicated (OWI) in Case No. OWCR033979, reflecting that Luna-Hernandez was informed of his probation and provided with a copy of a notice of the conditions of his probation, including its one-year term. Moreover, counsel noted that he had researched Eighth Circuit case law, which he read to indicate that the defendant's knowledge that he was on probation was not relevant to the enhancement in question. Therefore, counsel stated that he was maintaining the objection at his client's urging, but did not believe that there was any longer any factual basis for the objection. *See* Sentencing Transcript (docket no. 114), p. 2, *l.* 18-p.4, *l.* 22. The court found that the criminal history points for committing the offense while on probation were applicable, that the defendant was, therefore, not "safety valve" eligible, that his advisory sentencing guideline range was 97 to 121 months, and that his statutory mandatory minimum sentence was 120 months. The court also overruled Luna-Hernandez's motion for a downward variance and sentenced him to the statutory mandatory minimum of 120 months on Count 4; Count 1 was dismissed on the prosecution's motion. *See* CR 05-4084, docket no. 95 (hearing minutes) & docket no. 100 (Judgment).

Luna-Hernandez filed a Notice Of Appeal (CR 05-4084, docket no. 104) on April 12, 2005. On Luna-Hernandez's appeal, the Eighth Circuit Court of Appeals affirmed this court's assessment of two criminal history points for committing the charged offense while on probation and this court's engaging in fact-finding on the probation issue, which ultimately disqualified Luna-Hernandez from "safety valve" relief and required imposition of a mandatory minimum sentence. The appellate court found that the judgment from Iowa District Court for Buena Vista County introduced at the sentencing stated that Luna-

4

Hernandez was placed on probation on September 20, 2004, for a period of one year; that Luna-Hernandez's claim of lack of notice of his probation was unavailing, as the judgment itself noted that Luna-Hernandez took a copy of the judgment on September 20, 2004, and he subsequently made court appearances requesting an extension of time to comply with certain requirements of the judgment; that the certified copy of the judgment was sufficient to prove the prior conviction and probation without other witnesses; that *United States v. Booker*, 543 U.S. 220, 244 (2005), did not preclude a judicial finding that Luna-Hernandez was on probation; and that, since the judicial fact-finding related only to the punishment imposed for a prior conviction, the court did not violate *Booker*. *See United States v. Mata-Perez*, 478 F.3d 875, 878-79 (8th Cir. 2007); CR 05-4084, docket no. 132 (opinion). Luna-Hernandez's petition for rehearing by the panel and motion for appointment of new counsel were denied. CR 05-4084, docket no. 136.

### B. The § 2255 Motion

Luna-Hernandez filed his original Motion [To] Vacate, Set Aside, [Or] Correct Sentence (docket no. 2), pursuant to 28 U.S.C. § 2255, through counsel, on February 26, 2008, asserting eight grounds for relief. He was subsequently granted leave to file his June 2, 2008, Amended Motion To Vacate, Set Aside, Correct Sentence and Consolidate Issues/Brief in Support: 28 U.S.C. § 2255 (Amended § 2255 Motion) (docket no. 13), again through counsel, but stating only two claims of ineffective assistance of counsel. Counsel also filed on Luna-Hernandez's behalf a brief (docket no. 14) in support of his Amended § 2255 Motion. On August 12, 2008, the respondent filed its Court Ordered Response To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 17). The respondent noted that, because Luna-Hernandez's sentencing counsel was now deceased, the respondent had not been able to obtain an

affidavit of counsel in support of its resistance, but nevertheless denied that Luna-Hernandez is entitled to any relief on his claims. Although Luna-Hernandez requested and was granted an extension of time to file a reply, *see* Order (docket no. 19), no reply was ever filed.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Luna-Hernandez's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting

*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have

acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Luna-Hernandez's claims for § 2255 relief.

## B. *Preliminary Matters*

### 1. *Need for an evidentiary hearing*

Luna-Hernandez has expressly requested only "oral argument" on his Amended § 2255 Motion, *see* Brief (docket no. 14), 3, but the court will nevertheless consider whether or not he is entitled to an evidentiary hearing on his motion. "A district court

does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Luna-Hernandez's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief. For the same reasons, the court finds oral arguments unnecessary.

### 2. *Procedural default*

The respondent asserts that Luna-Hernandez's claims are simply attempts to relitigate, in the guise of ineffective assistance of counsel claims, the same arguments that he asserted on direct appeal. Therefore, the respondent contends that Luna-Hernandez is procedurally barred from asserting his ineffective assistance of counsel claims. It is true that "[s]ection 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *See Ramey,* 8 F.3d at 1314 (internal citations omitted). Moreover, the Eighth Circuit Court of Appeals has repeatedly held that any matter that has been decided adversely to the petitioner upon direct appeal is not cognizable under § 2255. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir. 1981); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974); *Sykes v. United States,* 341 F.2d 104 (8th Cir. 1965); *Franano v. United States,* 303 F.2d

470 (8th Cir.), *cert. denied,* 371 U.S. 865 (1962). On the other hand, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Here, the court finds that Luna-Hernandez's "ineffective assistance" claims are properly raised in a § 2255 motion, even if the merits of the arguments that he asserts his sentencing counsel should have made have already been considered and rejected on appeal. *See Hughes*, 330 F.3d at 1069. Therefore, the court will consider Luna-Hernandez's claims on the merits.

## C. Ineffective Assistance Of Counsel

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel

should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).

Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. Failure to challenge inaccuracies in the PSIR

Luna-Hernandez's first claim of ineffective assistance of his sentencing counsel is that sentencing counsel failed to allege factual inaccuracies in the PSIR and the court's finding that Luna-Hernandez was on probation at the time that he committed the charged

offense, failing to request an evidentiary hearing on the matter, and failing to request submission of the matter to a fact-finder or jury. Amended § 2255 Motion at ¶ 8 ("Ground One"). The respondent denies that Luna-Hernandez is entitled to any relief on this claim.

### a. *Arguments of the parties*

Luna-Hernandez argues that his sentencing counsel erred by not objecting to the admission at sentencing of the state court judgment against Luna-Hernandez. Luna-Hernandez apparently argues that sentencing counsel should have challenged the lack of foundation for the proffered judgment. Luna-Hernandez also asserts that counsel's error was prejudicial, because had counsel objected to the improper foundation, he would have been "safety valve" eligible, and his sentence would have been significantly reduced. He also adds that, had counsel investigated, he would have discovered that Luna-Hernandez was not assisted by counsel in the course of his prior conviction, so that there would be a question as to whether his guilty plea to the prior offense was proper.

The respondent argues that the record shows that Luna-Hernandez's sentencing counsel did object to the PSIR's scoring of two criminal history points for Luna-Hernandez's prior OWI conviction and noted the effect that those two criminal history points had on Luna-Hernandez's eligibility for "safety valve" consideration. The respondent also argues that the sentencing transcript reveals that sentencing counsel had a rational basis for not objecting to the admission of the certified copy of the judgment on Luna-Hernandez's prior conviction, as the Eighth Circuit Court of Appeals noted on Luna-Hernandez's direct appeal. Thus, the respondent argues that there is no deficient performance on which this claim can be based.

### b. Analysis

The court finds that the record demonstrates that Luna-Hernandez cannot demonstrate either deficient performance or prejudice on this claim of ineffective assistance of counsel. *See Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of both deficient performance and prejudice); *Davis*, 423 F.3d at 877 (same). First, as a matter of fact, sentencing counsel did object to the scoring of the two criminal history points for Luna-Hernandez's commission of the charged offense while on probation, and maintained that objection, even while conceding the sufficiency of the record to prove the prior conviction and the term of probation. Thus, counsel did precisely what Luna-Hernandez initially asserted that he did not do, which was to object to the scoring in the PSIR.

Second, as the Eighth Circuit Court of Appeals has noted, on Luna-Hernandez's direct appeal and elsewhere, a certified copy of a judgment on a prior conviction is sufficient to prove the prior conviction at a subsequent sentencing. *See Mata-Perez*, 478 F.3d at 878-79; *United States v. Velazquez*, 410 F.3d 1011, 1016-17 (8th Cir. 2005) (certified copies of records of prior convictions were sufficient to establish the prior convictions for purposes of sentencing enhancements); *see also United States v. Ruiz-Estrada*, 312 F.3d 398, 403-04 (8th Cir. 2002) (the prosecution offered sufficient reliable evidence of a prior conviction in the form of a certified copy of the criminal complaint and a warrant of commitment for the prior conviction to be admissible at trial); *United States v. Ingram*, 613 F. Supp. 2d 1069, 1095-96 (N.D. Iowa 2009) (concluding that, even where the prosecution was required to prove a prior conviction at sentencing beyond a reasonable doubt, in that case, for purposes of a 18 U.S.C. § 851 enhancement, a certified copy of the judgment on the prior conviction sufficed, pursuant to Rule 901 and Rule 803(22) of the Federal Rules of Evidence). Thus, objecting to the sufficiency of the

evidence of Luna-Hernandez's prior conviction and the terms of the probation on the offense, or demanding further proof by evidentiary hearing, would have been frivolous. *See Strickland*, 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed). Moreover, the decision to maintain the objection, but not to dispute the authenticity of the documents proffered by the prosecution to prove the prior conviction and the terms of Luna-Hernandez's probation was a reasonable strategic decision in light of applicable law. *Rice*, 449 F.3d at 897 ("'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)). Therefore, sentencing counsel did not perform deficiently in conceding that the proof of the prior conviction and terms of probation was adequate.

For much the same reason, Luna-Hernandez cannot prove that there was any prejudice from sentencing counsel's failure to object to the evidence of his prior conviction and the terms of his probation. Because the proof was adequate concerning the prior conviction and the term of probation, Luna-Hernandez simply cannot prove that there is any reasonable probability that, but for counsel's failure to object to the adequacy of the proof, the outcome of the proceedings would have been different. *Rice*, 449 F.3d at 897 (to satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" (quoting *Strickland*, 466 U.S. at 694)); *Davis*, 423 F.3d at 877 (same). This is true, even if the court assumes, for the sake of argument, that sentencing counsel performed deficiently by not considering whether the certified copy of the records of the prior conviction showed that Luna-Hernandez did not have counsel

for that prior conviction, because Luna-Hernandez received only probation and community service for the prior conviction, so that the prior conviction could still be "counted" for purposes of determining Luna-Hernandez's criminal history points. *See* U.S.S.G. § 4A1.2, comment (backg'd) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed."); *Nichols v. United States*, 511 U.S. 738, 748-49 (1994) (an uncounseled misdemeanor conviction valid under *Scott v. Illinois*, 440 U.S. 367 (1979), because no prison term was imposed, is also valid to enhance punishment on a subsequent conviction); *Scott v. Illinois*, 440 U.S. 367, 373 (1979) ("actual imprisonment" is the line defining the constitutional right to counsel); *see also United States v. Prosper*, 163 F.3d 604 (8th Cir. 1998) (table) (citing these authorities).

Luna-Hernandez is not entitled to relief on this claim.

### 3. *Improper advice concerning maximum sentence*

Luna-Hernandez's second claim of ineffective assistance of counsel is that sentencing counsel improperly advised him that he would be sentenced to a maximum of only 60 months under the Sentencing Guidelines if he accepted the prosecution's plea offer, when he, in fact, faced substantially more time. The respondent also asserts that Luna-Hernandez is not entitled to any relief on this claim.

#### a. *Arguments of the parties*

Luna-Hernandez asserts, baldly, that sentencing counsel advised him that he would be sentenced to a maximum of only 60 months of imprisonment under the Sentencing Guidelines if he accepted the prosecution's plea offer, but his actual Sentencing Guidelines calculation, for a total offense level of 29, criminal history II, was 97 to 121 months, and his statutory mandatory minimum sentence was 120 months of imprisonment. Thus, he contends that he not only got bad advice, but that counsel grossly mischaracterized the

16

sentencing consequences that he faced when he decided to accept the prosecution's plea offer. He contends that he was obviously prejudiced by this error, because he actually suffered a much longer sentence than counsel erroneously predicted.

The respondent points out that Luna-Hernandez's sentencing counsel is now deceased, so that the respondent cannot obtain an affidavit of counsel to contradict Luna-Hernandez's contention. Nevertheless, the respondent points out that Luna-Hernandez was plainly aware of the consequences of entering into the plea agreement, where paragraph 1 expressly set out that "[t]he defendant understands that this offense is punishable by a mandatory minimum sentence of ten (10) years"; sentencing counsel plainly attempted to qualify Luna-Hernandez for the "safety valve," thereby demonstrating that counsel was aware of the 10-year mandatory minimum sentence and the likelihood that, without a safety valve qualification, Luna-Hernandez would face such a mandatory minimum sentence; Luna-Hernandez presents no evidence suggesting or demonstrating that sentencing counsel ever actually misinformed Luna-Hernandez of the mandatory minimum sentence or that Luna-Hernandez entered into the plea agreement unknowingly or involuntarily; and the magistrate judge who took Luna-Hernandez's guilty plea expressly informed Luna-Hernandez that he faced a mandatory minimum sentence of 10 years and ascertained that Luna-Hernandez was properly advised by and fully satisfied with his counsel.

### b. Analysis

Even in the absence of an affidavit of counsel, the court does not believe for a minute that sentencing counsel ever told Luna-Hernandez that he was only facing a 60-month sentence if he entered into the plea agreement. The court knows that Luna-Hernandez's sentencing counsel, now deceased, was far too experienced to have made such a gross miscalculation in what is essentially a very simple case, from a sentencing standpoint. Moreover, such a contention is contradicted by sentencing counsel's

Sentencing Memorandum, which clearly indicates that sentencing counsel understood that, without a "safety valve" reduction, Luna-Hernandez faced a mandatory minimum sentence of 10 years. Just as clearly, the plea agreement contains no agreement to a "safety valve" reduction and, instead, indicates, in a paragraph initialed by Luna-Hernandez, that Luna-Hernandez faced a 10-year mandatory minimum sentence. Thus, the court cannot conceive that Luna-Hernandez's sentencing counsel told Luna-Hernandez that he faced only a 60-month maximum sentence if he entered into the plea agreement, and the court cannot find, on the basis of Luna-Hernandez's bald assertion, standing alone, that Luna-Hernandez's sentencing counsel performed deficiently. *Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires, first, proof of deficient performance by counsel); *see also Strickland*, 466 U.S. at 687.

Even if the court assumes, for the sake of argument, that counsel *did* inform Luna-Hernandez that he faced only a 60-month maximum sentence if he entered into the plea agreement, Luna-Hernandez cannot establish prejudice from that misinformation. *Id.* (a claim of ineffective assistance also requires proof of prejudice as the result of counsel's deficient performance). This is so, because, as the respondent asserts, the magistrate judge who took Luna-Hernandez's guilty plea properly advised him that he faced a mandatory minimum sentence of 10 years. *See Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (the § 2255 petitioner could not show prejudice on his claim that his trial counsel improperly advised him about the length of his potential sentence, because, "[r]egardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to [the petitioner] at the plea proceeding"). Moreover, the plea agreement in this case, which Luna-Hernandez represented that he read and he did, in fact, initial, properly advised him that he faced a

18

mandatory minimum sentence of 10 years. Because Luna-Hernandez was properly advised that he faced a mandatory minimum sentence of 10 years, and he pleaded guilty anyway, he cannot demonstrate that, but for counsel's alleged error in advising him of his sentence, he would not have pleaded guilty. *Id.* (where a petitioner asserts that he was prejudiced by bad advice from counsel about his potential sentence, which induced him to plead guilty, to establish prejudice, he must show that he would not have entered into the plea but for the bad advice, and he cannot do so, where he was properly advised of his sentence by the court and still pleaded guilty).

Thus, Luna-Hernandez is also not entitled to any relief on this claim.

### D. Certificate Of Appealability

Denial of Luna-Hernandez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998);

*Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Luna-Hernandez has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Luna-Hernandez's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Luna-Hernandez does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, petitioner Felix Luna-Hernandez's February 26, 2008, Motion [To] Vacate, Set Aside, [Or] Correct Sentence (docket no. 2), pursuant to 28 U.S.C. § 2255, as amended on June 2, 2008, by his Amended Motion To Vacate, Set Aside, Correct Sentence and Consolidate Issues/Brief in Support: 28 U.S.C. § 2255 (docket

no. 13) is **denied in its entirety**.  This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 17th day of September, 2009.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA